UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DWAYNE L. FETTERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CASE NO. 1:06-cv-0542-DFH-WTL |
| UNITED PARCEL SERVICE, INC., | ) ) ) |
| Defendant. | ) ) |

ENTRY ON MOTION TO REMAND AND MOTION TO DISMISS

Defendant United Parcel Service, Inc. (UPS) removed this action from state court. Plaintiff Dwayne Fetters filed an objection to the removal and a supporting brief. The court construes the objection as a motion to remand. UPS has filed an opposing brief, and has also filed a motion to dismiss. As explained below, the court denies both the motion to remand and the motion to dismiss. Diversity jurisdiction is proper here, and plaintiff's state law claims are not preempted by federal labor law.

*Factual Background*

Plaintiff Dwayne L. Fetters was employed by UPS. He was a member of a union and worked under a collective bargaining agreement. On February 10, 2004, UPS terminated Fetters' employment, though the current record is silent about the reason. Fetters filed a grievance. After an initial denial, his grievance

was scheduled for a hearing on March 12, 2004. Fetters alleges that he reached an oral agreement with UPS on March 10, 2004. Under that contract, he alleges, (a) Fetters would resign voluntarily, (b) UPS would record his separation as a voluntary resignation, (c) UPS would pay Fetters four weeks vacation pay, and (d) UPS would not oppose an application for unemployment insurance benefits. Compl. ¶ 22. In addition, Fetters agreed to waive his right to a hearing on his grievance, as well as the rest of the appeal process available to him.

On March 10, 2006, Fetters filed a complaint in state court alleging breach of contract, promissory estoppel, intentional misrepresentation, negligent misrepresentation, unjust enrichment, and constructive fraud. He alleges he has not been paid the vacation pay and that UPS opposed his application for unemployment benefits. The complaint seeks compensatory and punitive damages. It also includes this unusual allegation: "Mr. Fetters' damages do not exceed $75,000 as defined by federal law for purposes of diversity jurisdiction." Compl. ¶ 5. The complaint also seeks injunctive relief reinstating Fetters in his employment with UPS. UPS removed the action to this court, arguing that this court has original jurisdiction under both diversity jurisdiction and federal question jurisdiction, on a theory of complete or field preemption. UPS has moved to dismiss the complaint for failure to state a claim for relief, on the theory that all state law claims are preempted by federal labor law.

*Motion to Remand – Diversity Jurisdiction*

The parties are citizens of different states. The issue is whether more than $75,000 is in controversy, notwithstanding Fetters' assertion in the complaint that his monetary damages do not exceed that figure. The burden is on the party invoking federal jurisdiction to come forward with facts showing that such jurisdiction is proper. *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-41, 543 (7th Cir. 2006). UPS has attempted to make that showing by arguing that Fetters seeks injunctive relief of reinstatement, as well as seeking "to be made whole." UPS has come forward with evidence that two years of back pay would exceed the figure of $75,000. UPS has also noted that Fetters seeks punitive damages and emotional damages.

By asserting in his complaint that he was seeking damages below the federal diversity jurisdiction threshold, Fetters avoided a problem that often prevents a remand. Post-removal stipulations and disclaimers attempting to limit damages to less than the diversity jurisdiction threshold do not succeed in avoiding removal or forcing a remand: "Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant." *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992), citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283 (1938).

The problem for Fetters is that he seeks more than money. He also seeks injunctive relief, including an order that would reinstate him to his position with UPS. In evaluating the amount in controversy requirement under 28 U.S.C. § 1332, the court may not ignore the request for reinstatement. Plaintiffs cannot prevent removal by "insisting that injunctions do not count toward the amount in controversy." *Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004).

The prayer for injunctive relief puts at least some modest additional value in controversy, and the court cannot say that the value of injunctive relief combined with damages of up to $75,000 would not exceed $75,000. The object of injunctive relief may be valued from either perspective: what the plaintiff stands to gain or what it would cost the defendant to provide the requested relief. See *Macken v. Jensen*, 333 F.3d 797, 799-800 (7th Cir. 2003); *Uhl v. Thoroughbred Technology & Telecommunications, Inc.*, 309 F.3d 978, 983-84 (7th Cir. 2002); *In re Brand Name Prescription Drugs Antitrust Litigation*, 123 F.3d 599, 609-10 (7th Cir. 1997). Unless the requested injunction would have only nominal value, the amount in controversy requirement has been satisfied here. It is clear that an injunction ordering reinstatement would have more than nominal value. Accordingly, the plaintiff's motion to remand must be denied. Plaintiff, however, will be free to seek damages in excess of $75,000 in this action.

*Motion to Dismiss – Federal Preemption*

UPS has also filed a separate motion to dismiss, arguing that Fetters' claims necessarily arise under federal law because they either arise under a collective bargaining agreement or would require interpretation of such an agreement. Plaintiff has addressed these arguments in his brief in support of his motion to remand. This court recently reviewed the general principles and authorities applicable to state law claims and such field preemption theories under federal labor law in *Adams v. Indiana Newspapers, Inc.*, No. 1:05-cv-1395, 2006 WL — (S.D. Ind. July 7, 2006).

Without repeating the longer discussion, the central point is that § 301 of the Labor Management Relations Act completely preempts a state law claim only where that claim is "founded directly on rights created by" a collective bargaining agreement or where it is "substantially dependent on analysis of" a collective bargaining agreement. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987) (claims for breach of individual employment contracts were not preempted and therefore were not removable despite employer's defense that the contracts were superseded by subsequent collective bargaining agreements), quoting *International Brotherhood of Electrical Workers, AFL-CIO v. Hechler*, 481 U.S. 851, 859 n.3 (1987); see also *In re Bentz Metal Products Co., Inc.*, 253 F.3d 283, 285 (7th Cir. 2001) (*en banc*) (employees' right to file mechanic's lien under state law to secure unpaid vacation pay owed under collective bargaining agreement by employer in

bankruptcy was not preempted by § 301 where parties stipulated to the amount owed).

In this case, plaintiff Fetters has not alleged a violation of a collective bargaining agreement or a claim founded directly on rights created by a collective bargaining agreement. He alleges instead breach of an oral contract between UPS and him as an individual, *after* UPS terminated his employment.

Plaintiff's claims also are not "substantially dependent on analysis of" a collective bargaining agreement. The complaint focuses on the alleged breach of that alleged oral contract. If plaintiff prevails on any of his theories under state law, the court will not need to interpret the collective bargaining agreement. At most, it might be necessary to consult the agreement to determine the value of four weeks vacation pay or a similar measure. Such a reference for purposes of calculating damages is not sufficient to preempt the state law claim under federal labor law: "[W]hen liability is governed by independent state law, the mere need to 'look to' the collective-bargaining agreement for damages computation is no reason to hold the state-law claim defeated by § 301." *Livadas v. Bradshaw*, 512 U.S. 107, 125 (1994), citing *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 413 n.12 (1988) (holding retaliatory discharge claim was not preempted by § 301 of LMRA even though a collective bargaining agreement might contain information such as rate of pay and other economic benefits helpful in determining damages).

The court therefore concludes that plaintiff's claims are not preempted. UPS's arguments regarding plaintiff's constructive fraud claim are premature at the pleading stage but might be addressed at a later stage.

Accordingly, defendant's motion to dismiss (Docket No. 13) is hereby denied, and plaintiff's motion to remand (Docket No. 24) is also hereby denied.

So ordered.

Date: August 16, 2006

*David F. Hamilton*

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Gary R. Clark
QUARLES & BRADY, LLP
gclark@quarles.com

Ellen Marie Girard
QUARLES & BRADY LLP
egirard@quarles.com

Michael Charles Kendall
KENDALL & HAHN
sjatlaw@aol.com

John Allen Klages
QUARLES & BRADY LLC
jk2@quarles.com

D. Scott Watson
QUARLES & BRADY LLP
dsw@quarles.com